JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Murray Jones,<br><br>            Plaintiff,<br><br>vs.<br><br>Jeff Alvarez, et al.,<br><br>           Defendants. | No. CV 13-0099-PHX-DGC (LOA)<br><br>**ORDER** |

Plaintiff Craig Murray Jones brought this civil rights complaint under 42 U.S.C. § 1983 against three Maricopa County Jail medical providers: Physician's Assistants (PAs) Matt Barker and Barry Johnson and Dr. Monica Gaskins (Doc. 1). Before the Court are Jones' Motion for Preliminary Injunction and Defendants' Motion to Dismiss (Docs. 15, 25). The Court will deny both motions.

**I.    Background**

A detailed factual background is set forth in the Court's Screening Order (Doc. 12 at 3-12). In summary, before his confinement, Jones was involved in a car accident that resulted, among other injuries, in cervical and lumbar sprains, disc displacement, neuralgia, and intervertebral disc disorder. He received physical therapy and narcotic pain relievers, which substantially alleviated pain caused by his injuries.

Shortly after he arrived at the Fourth Avenue Jail in June 2011, Jones repeatedly informed staff of his back injuries and his severe and worsening pain. On October 3, 2011, he finally saw a doctor, who referred Jones to an outside orthopedic specialist. On

1  October 12, 2011, Jones saw the specialist, who ordered Ultram, a non-narcotic analgesic
2  for moderate to moderately severe pain; Flexeril, a muscle relaxant; Baclofen, which acts
3  on the spinal cord and relieves pain; and epidural injections.

4  Jones alleges that in February 2012, PA Barker discontinued Ultram and Baclofen
5  and denied renewal of another prescribed pain reliever, Soma, which had been very
6  effective, without providing or addressing alternative medications or treatment for Jones'
7  pain.  Murray alleges that Dr. Gaskins denied him medically appropriate treatment for his
8  pain by failing to prescribe effective medications.  Jones alleges that PA Johnson rejected
9  Jones' request for Vicodin, even though it had been suggested by Dr. Gaskins, and PA
10 Johnson suggested that Jones purchase over-the-counter pain relievers at the commissary.

11 The Court determined that Jones' allegations were sufficient to state claims that
12 these Defendants acted with deliberate indifference to his serious medical need (*id.* at
13 20).  In August 2013, Jones filed a Motion for Preliminary Injunction, in which he seeks
14 an order directing Defendants to renew the Soma prescription and to issue him a thermal
15 undershirt (Doc. 15).  In September 2013, Defendants filed their Motion to Dismiss under
16 Rule 12(b)(6), arguing that Jones fails to state a claim (Doc. 25).

17 **II.    Motion to Dismiss**
18     **A.    Legal Standard**

19 A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims alleged
20 in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).
21 Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a
22 cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable
23 legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th
24 Cir. 2008) (quoting  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.
25 1990)).  In determining whether a complaint states a claim under this standard, the
26 allegations in the complaint are taken as true and the pleadings are construed in the light
27 most favorable to the nonmovant.  *Outdoor Media Group, Inc. v. City of Beaumont*, 506
28 F.3d 895, 900 (9th Cir. 2007).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).

**B.    Discussion**

A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the Court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond. The standard for dismissal under Rule 12(b)(6) is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss should be granted only if the defendants can convince the Court that reconsideration is appropriate. Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In their motion, Defendants argue that Jones did not allege any actions by them that demonstrate they were deliberately indifferent to his serious medical need (Doc. 25 at 4). Defendants assert that in his pleading, Jones concedes that alternative medications were offered to him and that he was seen numerous times by medical providers and outside specialists (*id.* at 5). They submit that, at best, Jones alleges a difference of opinion regarding how his pain should be treated (*id*. at 4). According to Defendants, such allegations fail to state a claim for deliberate indifference (*id.* at 5-6). Jones opposes the motion and argues that his allegations are more than sufficient to establish a claim for deliberate indifference by Defendants (Doc. 33).

The Court already screened Jones' Complaint under a standard identical to that found in Rule 12(b)(6) and determined that his allegations sufficiently state a plausible claim for relief (Doc. 12). To the extent that Defendants seek reconsideration of the Screening Order, their motion is untimely. *See* LRCiv 7.2(g)(2) (motion for reconsideration must be filed no later than 14 days from date of the Order that is subject of the motion). Moreover, Defendants present nothing that warrants reconsideration of the Screening Order. *See School Dist. No. 1J*, 5 F.3d at 1263. Defendants' Motion to Dismiss will therefore be denied.

### III. Preliminary Injunction

#### A. Legal Standard

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Under the "serious questions" version of the sliding-scale test, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. *See Alliance of the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Regardless of which test is applied, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct

1  the harm.  18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d
2  987, 999 (9th Cir. 2000).

3        With respect to the likelihood-of-success element, a prisoner can establish an
4  Eighth Amendment violation arising from deficient medical care if he can show that
5  prison officials were deliberately indifferent to a serious medical need.  *Estelle v.*
6  *Gamble*, 429 U.S. 97, 104 (1976).   This requires two showings: (1) a "serious medical
7  need" and (2) that the defendant's response to that need was deliberately indifferent.  *Jett*
8  *v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted).  To show deliberate
9  indifference, the prisoner "must show that the course of treatment the doctors chose was
10 medically unacceptable under the circumstances" and that the defendant "chose this
11 course in conscious disregard of an excessive risk to plaintiff's health."  *Jackson v.*
12 *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

13     **B.**    **Discussion**

14       Jones relies on the allegations in his Complaint to support his request for an order
15 directing Defendants to prescribe Soma and issue a thermal undershirt, and he asks that
16 the Court "consider his pain and suffering" (Doc. 15 at 1-2).

17       The Court finds that Jones cannot satisfy the necessary elements for injunctive
18 relief.  At the least, Jones must demonstrate that absent an injunction, he will be exposed
19 to irreparable harm.  *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th
20 1988).  "Speculative injury does not constitute irreparable injury sufficient to warrant
21 granting preliminary relief.  A plaintiff must do more than merely allege imminent harm
22 sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury
23 as a prerequisite to preliminary injunctive relief."  *Id.* (internal citations omitted).  In his
24 motion, Jones does not provide any specific allegations or facts regarding his current
25 medical situation, such as the medications he is taking and his present condition and pain
26 levels.  To the extent the Court relies on the allegations in Jones' Complaint, it was filed
27 in January 2013—more than one year ago—and thus does not serve to demonstrate what,
28 if any, harm Jones may presently be facing.  In short, there is no evidence of an emergent

1 need or immediate risk of harm, and Jones has not established a likelihood of irreparable
2 harm.
3       Jones fails to address any of the other *Winter* factors.  Therefore, even absent any
4 opposition from Defendants, Jones' Motion for Preliminary Injunction must be denied.
5 **IT IS ORDERED:**
6       (1)    The reference to the Magistrate Judge with **withdrawn** as to Jones' Motion
7 for Preliminary Injunction (Doc. 15) and Defendants' Motion to Dismiss (Doc. 25).
8       (2)    Jones' Motion for Preliminary Injunction (Doc. 15) is **denied**.
9       (3)    Defendants' Motion to Dismiss (Doc. 25) is **denied**.
10       (4)    Defendants must file a responsive pleading within **14 days** from the date of
11 this order.
12 .      Dated this 18th day of February, 2014.

_David G. Campbell_
United States District Judge